# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                      Case No. 03-CR-80329-DT

v.

                                        HONORABLE DENISE PAGE HOOD

JAMES THORPE,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS FOR SELECTIVE PROSECUTION, MOTION FOR DISCOVERY, AND MOTION TO STRIKE THE GOVERNMENT'S RESPONSIVE PLEADINGS

### I. Introduction

This motion is before the Court following the Sixth Circuit's reversal of this Court's orders granting discovery and dismissing the indictment. *United States v. Thorpe*, 413 F.3d 652 (6th Cir. 2006), *cert. denied,* 127 S.Ct. 2154 (2007). Defendant has now re-filed a similar motion, seeking dismissal of the indictment based on alleged selective prosecution, and also seeking discovery. Defendant also makes the Motion to strike the Government's responsive pleadings in opposition to Defendant Thorpe's Renewed Pretrial Motion to Dismiss, claiming that the brief was not filed timely.

### II. Background

Defendant Thorpe was named in an indictment returned by a federal grand jury in the Eastern District of Michigan on March 21, 2003, charging him with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Following the indictment, on September 15, 2004, defendant filed a motion to dismiss, alleging selective prosecution. (R.38: Motion to Dismiss for Selective Prosecution and Memorandum in Support). Defendant also

filed a motion for discovery, seeking to "compel the government to produce its file on Project Safe Neighborhoods." (R. 48: Defendant's Motion for Discovery, ¶ 2.) On December 7, 2004. On May 31, 2005 this Court entered an order directing the government to show cause why it should not be held in contempt for failing to comply with the discovery order. ®. 63: Order to Show Cause Why the Government and/or Its Counsel Should Not Be Held in Contempt for Violating the Court's Order.)  On July 8, 2005, the government again declined to comply with the discovery order, and this Court entered an order dismissing the indictment ®. 65: Order Dismissing Indictment with Prejudice.)  The government appealed the discovery order and the dismissal, and the Sixth Circuit reversed, reinstating the indictment. *United States v. Thorpe*, 471 F.2d 652 (6th Cir. 2006), *cert. Denied*, 127 S.Ct. 2154 (2007).

The Sixth Circuit noted that in ruling on a claim of selective prosecution, "the essential elements of the defense (are) discriminatory effect and discriminatory intent."  471 F.3d at 657 (Citing *United States v. Armstrong*, 517 U.S. 456, 468 (1996)).  The Court stated that "Thorpe's argument appears to be that the government's pursuit of a program despite knowledge of that program's discriminatory effect is by itself 'some evidence' of discriminatory intent.  The caselaw does not support Thorpe's argument...(S)uch a finding remains the exceedingly rare exception to the general rule..."  which presumes that Executive Branch actions are undertaken in good faith.  471 F.3d at 661.  The Sixth Circuit next held that "the district court's order granting Thorpe's discovery motion was clearly erroneous on its face," 471 F.3d at 664, because Thorpe admittedly had presented no evidence that the that the prosecution was initiated with a discriminatory purpose.

### III. Legal Standard

Defendant has now filed a "Renewed Pre-Trial Motion to Dismiss for Selective Prosecution and Motion for Discovery." The Sixth Circuit has ruled that "(U)pon remand of a case for further proceedings after a decision by the appellate court, the trial court must 'proceed in accordance with the mandate and the law of the case as established on appeal.' The trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces. Thus, "the 'mandate rule' requires the district court to adhere to our commands on remand." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) (Citations omitted).

## IV. Analysis

In the present case, the Sixth Circuit ruled that "we REVERSE the judgment of the district court granting discovery, REINSTATE the indictment against Thorpe, and REMAND the case to the district court for further proceedings consistent with this opinion." *Thorpe*, 471 F.3d at 666. The Sixth Circuit further stated that Thorpe may "pursue his selective-prosecution claim on the merits despite our holding regarding his discovery request." *Id.* at 662. This court finds that to be consistent with the Sixth Circuit opinion Thorpe's discovery request cannot be granted, because the Sixth Circuit opinion makes clear that he cannot do so.

The government disputes Defendant's claim of selective prosecution, claiming that he has failed to show both discriminatory effect and discriminatory intent. While it is somewhat unclear whether Project Safe Neighborhoods does in fact have a discriminatory effect, consistent with the Sixth Circuit's ruling this court finds that Defendant has failed to meet the burden of proving discriminatory intent. In Defendant's renewed motion, he ignores the core holding of the Sixth Circuit's opinion in this case, that intent cannot be proven by mere knowledge of

disparate impact. The Sixth Circuit stated "Thorpe's argument appears to be that the government's pursuit of a program despite knowledge of that program's discriminatory effect is by itself 'some evidence' of discriminatory intent. The caselaw does not support Thorpe's argument...(S)uch a finding remains the exceedingly rare exception to the general rule because discriminatory purpose implies more than awareness of the consequences. *Thorpe*, 471 F.3d at 661.

The Defendant seems to ignore one of the essential holdings of the Sixth Circuit's opinion in this case, that intent cannot be proven by mere knowledge of disparate effect. Because Thorpe has offered no evidence of improper intent in the earlier proceedings, now, facing a higher burden than that for the discovery order, Thorpe again offers no evidence of discriminatory intent and therefore his Motion to dismiss should be DENIED.

## V. Defendant's Motion to Strike Response

The Defendant further moves this Court to Strike the Government's Response, citing Local Court Rule 7.1(d)(1)(B), claiming that it requires a response to a dispositive motion to be filed within twenty one days after the date of service of the motion. In this case, the Motion was filed on 7-16-07; the government had until 8-07-07 to file a response. The government filed their response late, on 8-23-07.

While it is true that the government violated Local Court Rule 7.1(d)(1)(B), it is also true that even given the violation the brief may be allowed into the record if there is no prejudice. See Fed. R. Crim. P. 52(a) ("any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.") Defendant has not claimed any prejudice by the two week delay, and even if the Court were to strike the government's brief, the government's oral

argument raises the same points.  The Defendant's Motion to Strike the Government's Response is DENIED.

Accordingly,

IT IS ORDERED that Defendant Thorpe's Motion to Dismiss for Selective Prosecution is DENIED.

IT IS ORDERED that Defendant Thorpe's Motion for Discovery is DENIED

IT IS FURTHER ORDERED that Defendant Thorpe's Motion to Strike the Government's Responsive Pleadings is DENIED.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: December 3, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 3, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager